Hay, Judge,
delivered the opinion of the court:
This is a suit brought to recover from the United States the sum of $472,717.54, for the balance due as just compensation for the use of the steamer G. W. Morse from December 12, 1917, to April 11, 1919.
The plaintiffs are receivers of the Hudson Navigation Company, a corporation organized under the laws of the State of New Jersey.
Under the provision of the act of Congress approved June 15, 1917, 40 Stat., 182, the Secretary of the Navy requisitioned the use of the steamer G. W. Morse, which steamer was the property of the Hudson Navigation Company. The steamer was taken possession of by the Secretary of the Navy on December 12, 1917, and was under this requisition held by the United States until February 11, 1919. After this date it inquired 60 days to put the steamer in the condition she was in when requisitioned by the Government, so that by reason of the requisition the Government deprived the owner of the use of the vessel for a period of 16 months.
At the time the vessel was requisitioned she was being used by the Hudson Navigation Company in its regular service, which was carrying freight and passengers between New York and Albany. During the season of 1917 the vessel was operated from March 30 to October 3, and her net earnings for that season were $227,388.33. This vessel was a large and well-equipped steamer, suitable for the trade in which she was engaged.
The Navy Department, during the period of requisition, used the G. W. Morse as a receiving ship at the Brooklyn Navy Yard, and during that period there was a large demand for housing facilities in and around New York City, and the supply of those facilities was limited. While in possession of the Government the C. W. Morse furnished sleeping, quarters and other housing accommodations for from one to. three thousand men per day.
*415 A board regularly appointed by the President on December IB, 1917, determined the just compensation for the charter hire of the G. W. Morse to be $8,000 per month. This amount was unsatisfactory to the Hudson Navigation Company, which company accepted 75 per cent of the amount so determined as just compensation, and is now suing in this court for the sum of $472,717.54, which the plaintiffs claim' is what is due them as just compensation for the use of the vessel during the period of requisition and the time which was required to recondition the vessel after she was returned to her owners.
The question for the court to determine is: What is the just compensation to which the plaintiffs are entitled? And determining that question the court will be governed and guided by the principles of law as laid down by this court and by the Supreme Court of the United States.
In considering questions of tailing and just compensation therefor, the owner must be compensated for what is taken from him, and not the value of the property to the Government for its particular use, and the compensation must be a full and perfect equivalent for the property taken, and the owner must be reimbursed for the full value of the service, and the compensation is to be estimated by references to the uses for which the property is suitable. New York v. Sage, 239 U. S. 57; Minnesota Rate Cases, 230 U. S. 352; Monongahela Navigation Co. v. United States, 148 U. S. 312; Bauman v. Ross, 167 U. S. 548; United States v. Russell, 13 Wall. 623; Boom Co. v. Patterson, 98 U. S. 403.
The determination of what shall be the measure of compensation is a judicial question, and the executive has not the power to fix the compensation which will be given when private property is taken for public use. (Monon-galíela Navigation Go., supra, p. 327.) And, therefore, this court in determining what is just compensation can not be governed in its determination by the action of a board appointed by the President; while giving such weight to the findings of the board as the evidence in the record will justify ^yet the court must determine what is just compensation from the facts proven; and the court in determining these cases arising out of war conditions must also bear in *416 mind that the war power of the United States, like its other powers, is subject to applicable constitutional limitations, and when private property is taken for public purposes during war the power exercised must be in subordination to the fifth amendment; and in arriving at what is just compensation, under the constitutional provision, that provision should be liberally construed. Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 156; United States v. Cohen Grocery Co., 255 U. S. 81, 88.
In the case at bar the evidence shows that the ship taken by the Government was valuable; that the use of such a ship was valuable; that there was a demand for the use of such a ship; that the supply of such ships and all ships was limited, and that the ship was suitable for the uses to which it was put, and could have been used by the plaintiff in. the same manner. There was a market value, therefore,, for ships at the time the vessel in question was taken, and a market value for the use of ships. The Government contends that there was no market value for ships or for the use of ships, because it says this market was under the-influence of war, and was restricted by the fact that the-United States had requisitioned all ships, and that in consequence of that action there was no market for ships, or for their use, and that hence there was no market from whose prices a market value could be determined. In other words, it is contended that the market value of the property of the citizen can be destroyed, and the provisions of the fifth amendment rendered nugatory by an act of the legislature. The mere statement of such a contention refutes it. It is in the teeth of every principle of law established by a long line of the decisions of our highest court, and is obnoxious to every tenet of Anglo-Saxon law and justice.
But the contention that there was no market value for ships or for their use at the time this ship was taken is not tenable. The demand for ships was universal; the demand for their use was equally so. It is true that the market was affected by the war; war always affects market conditions, either enhancing prices or lowering them, but the fact that war has such effects does not affect the principles which must govern the courts in ascertaining values. The citizen *417 whose property is taken must be compensated for its value at the time it was taken, and if a war is in progress, the effect of which is to enhance the value of the property taken, it can not be said that for that reason the court must not take into account the enhanced value of the property. The facts in our opinion show that just compensation for the use of the G. W. Morse is the sum of $12,000 per month. The amount to which the plaintiffs are entitled is $96,193.54. Judgment will therefore be entered for that sum. It is so ordered.
Downey, Judge, and Oambbei/l, Chief Justice, concur.
Gbai-iam:, Judge, concurs in the result.